**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| LAWRENCE KENNETH ALLEN : | |
| Plaintiff : | |
| v : | Civil Action No. RWT-08-3451 |
| BARB STEELE, et al. : | |
| Defendants : | |

o0o

**MEMORANDUM OPINION**

Pending is Defendants' Motion to Dismiss or for Summary Judgment. (Paper No. 11.) Plaintiff filed a Response in Opposition. (Paper No. 14.) Upon review of the papers filed, the court finds a hearing in this matter unnecessary. See Local Rule 105.6 (D. Md. 2008).

**Background**

Plaintiff claims on October 2, 2007, he was moved to an upper level housing assignment at Jessup Correctional Institution (JCI) because correctional staff were unable to verify medical orders requiring his assignment to a lower level. As a consequence, he fell down the stairs and injured his left arm and leg while climbing the stairs on his way to get a daily injection for treatment of his multiple sclerosis. He is suing medical staff for their failure to notify correctional staff of his special housing needs. (Paper No. 1.) An order dated February 16, 2007, specifies that Plaintiff should be assigned to a lower bunk and a lower tier for a period of one year. (Paper No. 11 Ex. F at 2.)

Defendants assert the claim is barred by res judicata because Plaintiff sued the same parties for the same claims in the District Court for Washington County. (Paper No. 11 Ex. A – C.) The action was transferred to the District Court for Anne Arundel County and judgment was entered in favor of Defendants on the merits. (Paper No. 11 Ex. D.)

**Standard of Review**

A Motion for Summary Judgment is governed by Fed. R. Civ. P. 56(c), which provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the non-movant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility."  Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest upon

mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).  The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial.  See Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U. S. 317, 323-24 (1986)).

**Analysis**

"Under res judicata, a final judgment on the merits bars further claims by the parties or their privies based on the same cause of action." Montana v. United States, 440 U. S. 145, 153 (1979) (citation omitted).  The complaint filed by Plaintiff in the District Court for Washington County on May 22, 2008, alleges that the same Defendants named in the instant case, failed to inform correctional staff that there was a medical order requiring his assignment to a lower tier and lower bunk.  (Paper No. 11 Ex. A – C.)  The parties are the same, and the claims are the same.  Plaintiff's assertion that some evidence was not properly considered by the Administrative Law Judge deciding his complaint before the Inmate Grievance Office (IGO) does not address the bar to the claim.[1]  (Paper No. 14.)  Defendants are entitled to judgment in their favor based on principles of res judicata.  A separate order follows.

July 22, 2009  /s/
Date  ROGER W. TITUS
  UNITED STATES DISTRICT JUDGE

---

1  Plaintiff's claim was heard by the IGO and the claim was also considered by the state district court.  It is unclear why Plaintiff believes the information he alleges was not considered by the IGO somehow effects the validity of the district court's judgment.

3